Derbigny, J.
delivered the opinion of the court. A tract of land, which is in the possession of the defendant and appellee, since a number of years, is claimed by the plaintiffs and appellants. The title, which they exhibit, is an order of survey, obtained in 1789, from the then governor of Louisiana, recommended for confirmation by the commissioners of the land office, for the western district of this state, and finally confirmed by act of congress in 1815. In opposition to it, the appellee produces an order of survey of the same land, by him obtained in 1795, and confirmed by the commissioners of the United States in 1812-he further pleads prescription. The right of the United States having been relinquished in favor of both these claims, the decision of this contest rests upon the strength of the original titles of the parties. The material facts in the case are the following: *679 As early as 1788, Sylvester Boissier, one of the appellants, and father of the other appellants, Sylvester, Cesar and Pamela Boissier, went on the land in question, with three negroes, cut several acres of cane, and opened the road in front; in the same year, he applied for a grant of the land ; and, in 1789, obtained from governor Miro an order of survey and conditional grant, in the usual words-according to which he was to make some improvement, and open the road within one year, and to settle the land before the expiration of three years, in defect of which the grant was to remain null. It is, however, in evidence that, after his first attempt, in 1788, he ceased to do any thing upon the land-that he never settled it, and that, at sometime between the years 1789 and 1795, (it does not appear clearly when) he surrendered his title into the hands of the commandant of Natchitoches, among the papers of whose office it was lodged, in a bundle entitled Reque-tes des concessions de terres reunies au do-maine, where it remained until the archives of that office were delivered to the person who received possession of that place for the United States.
West. District.
Sept 1818.
It is objected, that the fact of this surrender is not sufficient to destroy the written title of *680 the plaintiff, and that nothing short of a written declaration from Boissier, that it was his intention to abandon the land, can do away his grant. We are, however, of opinion, that the surrender of the only existing evidence of an inchoate title, into the hands of the person from whom it had been obtained, and upon the accomplishment of a condition necessary to make it complete, implies an abandonment of the inchoate right. But, independently of that abandonment, resting the case upon the circumstance of the non-performance of the conditions imposed on the plaintiff, S. Boissier, by the Spanish government, we think that, at the expiration of the time fixed by the grantor for the accomplishment of those conditions, he had a right, when they were not fulfilled, to consider the grant as null, by virtue of the reservation by him made to that effect, and to grant the land to others, if be thought fit so to do.
In this case, after a verification that the land granted had not been settled, the Spanish government granted it again to the defendant under the same conditions-and the defendant, having performed those conditions, acquired the absolute right, which depended on that performance.
It is true, as the plaintiffs have observed, that the Spanish government was often very indul *681 gent to grantees, and did not rigorously enforce the fulfilment of the conditions imposed on them. It is because of that notorious indulgence, that the United States have considered it beneath their dignity to treat with rigor the grantees, who, at the time of the cession of Louisiana, had neglected to execute what the conditions of their grants required of them. But because the Spanish government was often indulgent to grantees, surely we are not to consider as a dead letter the reservation made in every provisional grant, that the grant should be null, if the grantor failed to execute its conditions-that the grantor had, and that right he exercised in this among other cases. The first grantee, therefore, could not disturb the second, who, under this lawful exercise of the sovereign’s right, has received the land, and acquired a final title to it, by the performance of the conditions attached to the grant.
I. Baldwin for the plaintiffs, Murray for the defendant.
I It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that judgment be entered for the defendant, with costs.